

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/27/2016

```
IN RE                            )
                                 )
XENON ANESTHESIA OF TEXAS, PLLC, ) CASE NO. 13-37697-H3-7
                                 )
        Debtor,                  )
                                 )
MUJTABA ALI KHAN,                )
                                 )
        Plaintiff,               )
v.                               ) ADV. NO. 16-3010
                                 )
XENON HEALTH, LLC,               )
                                 )
        Defendant.               )
```

## MEMORANDUM OPINION

The court has considered "Xenon Health, LLC's Motion to Dismiss Mujtaba Ali Khan's Objection to Claim (Doc. 1)" (Docket No. 12, as supplemented at Docket Nos. 19, 30 and 36). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Xenon Anesthesia of Texas, PLLC ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 13, 2013.

In the complaint in the instant adversary proceeding, Mujtaba Ali Khan objects to the proof of claim filed by Xenon Health, LLC ("Xenon Health").  (Docket No. 1).[1]

In the instant motion to dismiss, Xenon Health seeks dismissal on grounds, <u>inter</u> <u>alia</u>, Khan lacks standing to object to the claim.

Xenon Health and Haroon Chaudhry filed suit, in the 284th Judicial District Court of Montgomery County, against Debtor and Khan.  By orders signed on June 20, 2013 (Exhibit 1), July 31, 2014 (Exhibit 2), and December 16, 2014 (Exhibit 3), the state court ordered Khan to turn over his equity interest in Debtor to Chaudhry.  Khan failed to do so prior to March 25, 2015.

On March 25, 2015, the state court held Khan in contempt, and directed that Khan be taken into custody until the contempt was satisfied.  The state court made a handwritten entry on the form of order stating:

> And it is DECREED that upon being taken into custody of the Sheriff of Montgomery County, Texas, on March 25, 2015, MUJTABA ALI KHAN executed and turned over the executed Equity Interest Assignment Agreement at 11:30 a.m. on March 25, 2015, in satisfaction of the Judgment of Contempt; therefore, MUJTABA ALI KHAN should be released from custody of Sheriff of Montgomery County, Texas.

---

[1] In the complaint, Khan also sought relief against the Chapter 7 Trustee, Lowell T. Cage.  That matter was dismissed by stipulation.  (Docket No. 28).

2

(Exhibit 4).

The Equity Interest Assignment Agreement bears a printed date of December, 2014, which is stricken through, and a handwritten date of March 25, 2015 is added. The handwritten interlineations bear the initials of Khan and Chaudhry. The Equity Interest Assignment Agreement transfers from Khan to Chaudhry all of the ownership interest in Debtor. (Exhibit 5).

Khan has raised an issue as to the authenticity of the Equity Interest Assignment Agreement, in light of the handwritten change to the date. The court finds that the document is authentic, in light of Khan's initials on the document. Moreover, even if the Equity Interest Assignment Agreement is not considered, the court infers from the orders of the state court directing Khan to turn over his interest in Debtor to Chaudhry, and the order of the state court reciting that Khan executed and turned over the Equity Interest Assignment Agreement, that Khan has transferred his equity interest in Debtor to Chaudhry.

On June 23, 2014, Khan filed a proof of claim in the above captioned Chapter 7 case. On October 19, 2015, Khan withdrew his proof of claim. (Docket No. 57, Case No. 13-37697).

## Conclusions of Law

Section 502(a) of the Bankruptcy Code provides:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case

3

under chapter 7 of this title, objects. 11 U.S.C. § 502(a).

The term "party in interest" is not defined in the Bankruptcy Code. The term party in interest means anyone who has a legally protected interest that could be affected by the bankruptcy case. In re Megrelis, 2014 WL 4558927 (Bankr. S.D. Tex., Slip Op. 9/12/2014), citing Matter of FBN Food Services, Inc., 82 F.3d 1387 (7th Cir. 1996).

An entity that has filed a proof of claim is a party in interest, with standing to object to claims, unless the proof of claim is withdrawn. In re Beach Development, L.P., 2006 WL 2403455 (Bankr. S.D. Tex., Slip Op. 7/24/2006), citing In re Gurst, 76 B.R. 985 (Bankr. E.D. Pa. 1987).

An equity interest holder may also be a party in interest, with standing to object to claims, if a possibility exists that there will be a surplus of funds remaining in the estate after payment of all claims. In re Beach Development, L.P., 2006 WL 2403455 (Bankr. S.D. Tex., Slip Op. 7/24/2006), citing In re Woods, 139 B.R. 876 (Bankr. E.D. Tenn. 1992) and In re Coleman, 131 B.R. 59 (Bankr. N.D. Tex. 1991).

In the instant case, Khan is not a claimant. Khan has withdrawn his proof of claim. Khan is not an equity security holder. He has transferred his equity interest to Chaudhry. The court concludes that Khan lacks standing to object to Xenon

Health's claim.  The court concludes that the instant adversary proceeding should be dismissed.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned adversary proceeding.

Signed at Houston, Texas on July 27, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE